IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| EXIQUIO GONZALES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-18-297-R |
|  | ) |  |
| JIMMY MARTIN, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# ORDER

Before the Court is Petitioner's Motion for Relief from an Order and Judgment pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 16). Petitioner's counsel failed to timely file an objection to the Magistrate Judge's Report and Recommendation, resulting in the Court adopting the Report and Recommendation and dismissing the petition as time barred. (Doc. No. 12). Counsel describes the delay as merely a mistake on her part—she prepared the objection (Doc. No. 16-1) but failed to file it in time. "The burden is upon the party moving to have the judgment set aside to plead and prove *excusable* neglect." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Although the Court concludes that counsel's inadvertent failure to timely object does not warrant relief under Rule 60(b)(1), the Court also finds that even if it undertook a *de* novo review of Petitioner's objection to the Report and Recommendation it would not alter the outcome. Therefore, the Court will not vacate its prior order adopting the Report and Recommendation nor will it grant Petitioner's Rule 60 motion.[1]

---

[1] Counsel attached the Objection to her Rule 60(b)(1) motion.

At the outset, the Court notes that despite being represented by counsel, Petitioner's filings are less than clear and the legal underpinnings of his claim are not well enunciated in the briefs.² Because Petitioner is represented by counsel, he is not entitled to liberal construction of his claims, and the Court will limit its construction to the arguments actually developed by the briefs. The facts underlying Petitioner's claim are as follows.

Following a 2012 guilty plea and imposition of a ten-year deferred sentence, on July 1, 2014, the State sought to accelerate Petitioner's deferred sentence based on his alleged involvement in additional criminal activity. The District Court of Oklahoma County conducted a hearing on acceleration and concluded that Petitioner had violated the terms of his deferred sentence and imposed a sentence of life and a concurrent five-year sentence on his two original counts. Petitioner was not charged with any new crimes as a result of the facts underlying his acceleration.³

After seeking a sentence modification in 2015, which was denied, Petitioner retained counsel for state post-conviction proceedings. In his September 12, 2017, Application for Post-Conviction Relief Petitioner asserted two claims- (1) that his deferred sentence was unlawfully revoked in violation of the Fourteenth Amendment and the

---

² For example, the Oklahoma Court of Criminal Appeals Order Affirming Denial of Application for Post-Conviction Relief (Doc. No. 10-6) applied the procedural bar set forth in Okla. Stat. tit. 22 § 1086, because Petitioner had not sought relief on direct appeal with regard to the acceleration of his sentence. In the instant Petition, however, Petitioner argues that the decision of the OCCA was contrary to or an unreasonable application of clearly established federal law, the standard applicable to habeas review of claims reviewed on the merits by the state court. Here the question is whether the Oklahoma Court of Criminal Appeals decision was based on an independent and adequate state procedural rule. *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017). If so, Petitioner could overcome the procedural bar by demonstrating either cause and prejudice or by establishing that failure to review the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner does address the cause and prejudice standard in response to the Motion to Dismiss, however this content is ill-suited in response to a motion arguing that the Petition was untimely filed.

³ Petitioner argues this fact as support for his petition; however, the decision of the prosecution whether to charge is discretionary and the Court will not assume any unstated motivation.

Oklahoma Constitution and (2) that his life sentence violated the Eighth Amendment. The instant Petition raises only the first issue, that Petitioner's acceleration proceedings violated the Fourteenth Amendment. In support of this claim, Petitioner argues that Keno Fletcher, who testified that Petitioner provided Fletcher with cocaine and marijuana to distribute, testified falsely. Petitioner contends that Fletcher's false testimony in state court was motivated by Fletcher's federal plea agreement in Case No. CR-14-153-F. Petitioner argues that aside from Mr. Fletcher's false testimony, there was no evidence of his involvement and thus the state court lacked sufficient evidence to support acceleration of his deferred sentence.[4] He specifically framed his argument as one of "incompetent evidence," arguing that because of the plea agreement with federal prosecutors, Mr. Fletcher's state testimony required corroboration. (Doc. No. 10-5, p. 15). Notably, counsel did not raise a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972) regarding the State's alleged failure to provide Mr. Gonzalez's acceleration counsel with a notice of or a copy of his federal plea agreement.

Respondent sought dismissal of the Petition under 28 U.S.C. § 22244(d)(1), subsections (A) and (D). Judge Jones concluded the petition was untimely if § 2244(d)(1)(A) applies, and Petitioner does not challenge that conclusion. Rather he contends that Judge Jones's conclusion regarding § 2244(d)(1)(D) is in error, because the factual predicate of the claim could not have been known, acceleration counsel having no basis for seeking out the information from this Court before the hearing in the District

---

[4] Petitioner acknowledges the burden on the prosecution in acceleration proceedings is a preponderance of the evidence.

3

Court of Oklahoma County. In the objection, Petitioner argues "[t]he State had a duty to disclose the plea agreement with counsel and failed that duty with the suppression of the plea agreement that can only be construed as plain error because it affected Petitioner's right of confrontation, infringing upon his effective assistance of counsel." (Doc. No. 16-1, p. 3). This statement raises a host of issues, including the potential for a claim under *Brady* or *Giglio,* cases not cited by Petitioner in any of his filings. Thus, the sole substantive claim before the Court is whether, because Fletcher testified pursuant to a plea agreement, his testimony had to be corroborated, and without corroboration the evidence would not have been competent to support the revocation. The issue at this time is whether the factual predicate for that claim was or could have been discovered with due diligence at an earlier time.

Judge Jones concluded that Petitioner's claim was time barred because his counsel during acceleration proceedings would have had the opportunity to discover the plea agreement between Fletcher and the United States. He further noted that Petitioner should have been aware not later than July 7, 2015, when the State objected to a Motion to Modify, that Mr. Fletcher had cooperated with the FBI, because the State's brief specifically reveals information that should have led counsel to the federal plea agreement. The Court concurs.

> The Tenth Circuit defines "'due diligence' as an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she actually discovered them." *Madrid v. Wilson*, 590 Fed. Appx. 773, 776 (10th Cir. 2014) (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)). Because "'due diligence is equivalent to a rule of inquiry notice,' the prisoner is obligated to make reasonable efforts to discover the facts relevant to his claim for habeas corpus relief." *Nordelo v. Sec'y, Fla. Dep't of Corr.,* 635 Fed. Appx. 636, 639 (11th Cir. 2015) (citation omitted). Thus, the "question under the provision is not when prisoners first learned of

4

the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 Fed. Appx. 606, 608 (6th Cir. 2004) (emphasis added

*Burke v. Bigelow*, 2017 WL 4180002, at *3 (D. Utah Sept. 19, 2017). The brief filed by the State in response to Petitioner's 2015 request for modification included the following:

> FBI Agent Aaron Green testified as to an (sic) conspiracy investigation in which he participated which involved wiretap evidence obtained during the period of February 2014 through April 2014.
> During this investigation, the Defendant, as well as Keno Fletcher were identified as participants in a drug trafficking organization operating in central Oklahoma. Keno Fletcher was ultimately arrested in April 2014 during which time, he was also found in possession of in excess of 150 grams of cocaine.
> Fletcher agreed to cooperate and identified Gonzales as a supplier to him of *kilogram quantities of cocaine* and multi-pound quantities of marijuana from the period of late 2012 through the date of his arrest in April 2014.

(Doc. No. 10-3, p. 2). Based on the above, either Petitioner or counsel should have made efforts to discover the true nature of Mr. Fletcher's cooperation. Therefore, the Court finds that even if Petitioner was permitted to rely on § 2244(d)(1)(D), that his claim would be untimely premised on the July 7, 2015 Objection to Sentence Modification. The one year would have expired on July 7, 2016. Accordingly, absent equitable tolling, the petition here in untimely.[5]

The AEDPA's one-year limitation period is not jurisdictional; therefore, the untimeliness of a habeas petition may be excused for equitable reasons or upon a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Judge

---

[5] Petitioner would not be entitled to statutory tolling because he did not seek post-conviction relief until after July 7, 2016.

Jones recommended that neither of these exceptions apply. He concluded with regard to equitable tolling that Petitioner could not establish that he diligently pursued his claim. (Doc. No. 12, p. 7). He recommended the Court not apply the actual innocence exception because nothing in Keno Fletcher's federal plea agreement suggests that Petitioner is actually factually innocent. *Id.* at p. 8. Judge Jones's recommendation with regard to Petitioner's factual innocence claim is correct, and the objection to the Report and Recommendation provides no basis for altering his conclusion.

For the reasons set forth herein, Petitioner's Rule 60 Motion is hereby DENIED.[6]

IT IS SO ORDERED this 19th day of September 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] If the Court had granted Petitioner's Motion for Reconsideration, it would not grant Petitioner a Certificate of Appealability. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court would decline to issue a certificate of appealability. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently, either procedurally or substantively.